#### UNITED STATES DISTRICT COURT
#### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**Trincorp, LLC, Fantom Motors Enterprises, Team EAM, Inc., and Putnam Propulsion,**

       **Plaintiffs,**

**v.**                                                      **Case No:  6:13-cv-389-Orl-31TBS**

**Remotely Operated Auto Racers,**

       **Defendants.**

## ORDER

This cause comes before the Court on a motion for temporary restraining order and preliminary injunction filed by Plaintiffs Trincorp, LLC, Fantom Motors Enterprises, Team EAM, Inc., and Putnam Propulsion.

### I.   Background

Plaintiffs are all in the business of manufacturing motors for remote control cars. Defendant is the "official U.S./Canadian sanctioning body for R/C car and truck competition" and maintains rules to promote fair competition which includes listing "approved motors." On January 18, 2013, Defendant banned Plaintiffs' motor for use in sanctioned competitions, substantially effecting Plaintiffs' ability to sell its motors. Plaintiffs now seek an injunction to force ROAR to include their motor on the approved list.

### II.   Standard

A federal court may enter a temporary restraining order without notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed.R.Civ.P. 65(b)(1). Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. Fed.R.Civ.P. 65(b)(2). The order expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record. Fed.R.Civ.P. 65(b)(3).

The issuance of a temporary restraining order is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301, 110 S.Ct. 1, 106 L.Ed.2d 616 (1989); Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774 (11 Cir.1984). The party seeking a temporary restraining order must demonstrate: 1) a substantial likelihood of success on the merits, 2) that irreparable injury will be suffered if the injunction is not granted, 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and 4) that the entry of relief would serve the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1226-27 (11th Cir. 2005). Injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion. Id. at 1227.

### III.    Analysis

Plaintiffs cite the imminence of the national championships on March 12-17, 2013 as grounds for needing an immediate, *ex parte* restraining order. But Plaintiffs have not made the case that they will suffer any additional harm if a TRO is not granted. All the Plaintiffs are either sellers or manufacturers, not competitors. Further, ROAR banned the subject motor on January 18,

2013 and only now, almost two months later, Plaintiffs claim they need emergency relief. Plaintiffs failed to show irreparable injury just as they have failed to show a substantial likelihood of success on the merits.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties